*253
Curia, per

Richardson, J.
This case is brought before the Court of Appeals' for a new trial, upon several grounds. The second ground of appeal urges, that the proceedings and decision of the magistrate and freeholders in a former trial, which had been instituted in order to determine the caste and civil status of the defendant, Thomas Fitzsimons, should have been received by the court and jury, not as conclusive of the present trial, or as a plea in bar, but as competent evidence, and for what they might be worth, in deciding the feigned issue ordered by the court and made up, not to determine a question of indebtedness between the plaintiff and defendant, but to answer a charge made by the plaintiff, a city officer, that Fitzsimons hdd broken one of the police regulations for persons of his apparent caste, to which caste Fitzsimons denied he belonged, and claimed exemption from its penalty. This issue and the former were substantially the same, but between different parties. At the former trial, the State was plaintiff, and now the City of Charleston. It is plain, therefore, that the one could not be an estoppel to the other. But the precise question was this — was it not competent, in a question of caste, that depended upon his pedigree, personal repute, and acceptance in society — was it not competent to prove, or at least indicate, such pedigree, common repute and acceptance, by means of a record made by magistrates and freeholders upon a former investigation of the subject? True, it can be no more than opinion ; but that argues the status, caste and repute of the defendant. A former entry in a book, or inscription on a monument, and the like, are similar to the acceptance or treatment in a family circle; that is, they all indicate, more or less, general opinion of the status, caste and reputation; and such general opinion, when proved, if not the very predicate and object of the issue, would go far to decide it. If we look through the whole evidence actually adduced, it consists, chiefly, of the opinions of others, and of the personal associations of the defendant. For instance, the caste of his wife’s sister was received, to indicate the gathering of “birds of the same feather.” This is slight, yet has its indication. But to conclude — the for *254 mer proceedings were, as evidence, relevant to the issue, and by no means clearly incompetent, and, therefore, should be received for what they may be worth. And as the defendant was raised up a. little by the former proceedings, and let down by the present verdict, which show plainly different opinions of his true caste, we deem it reasonable to' grant him a new trial without prejudice.
The whole court concurred.